**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-B-34214 |
| **CYBER DEVELOPMENT GROUP** | ) | |
| **INTERNATIONAL, LLC** | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | Room 682 |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-B-34691 |
| **CRC1331 BCD MT. PROSPECT, LLC,** | ) | Jointly Administered |
| | ) | under Case No. 13-B-34214 |
| Debtor. | ) | |
| | ) | Hearing Date:  December 31, 2013 |
| | ) | Hearing Time:  10:30 a.m. |

**SUMMARY OF FIRST AND FINAL FEE APPLICATION FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND
ASSOCIATES, LTD., COUNSEL TO CYBER DEVELOPMENT GROUP
INTERNATIONAL, LLC AND CRC1331 BCD MT. PROSPECT, LLC, FOR THE
PERIOD FROM AUGUST 27, 2013 THROUGH DECEMBER 12, 2013**

Name of Applicant:    Weissberg and Associates, Ltd.

Authorized to Provide Professional
Services to:    Cyber Development Group International, LLC and
CRC1331 BCD Mt. Prospect, LLC

Date of Retention:    October 15, 2013

Period for Which Compensation and
Reimbursement is Sought:    August 27, 2013 through December 13, 2013

Amount of Compensation Sought as
Actual, Reasonable and Necessary:    $87,795.00

Amount of Expense Reimbursement
Sought as Actual, Reasonable and
Necessary:    $3,137.74

Type of Fee Application: First and Final Interim Fee Application

This is W&A's first and final interim application. No prior monthly fee statement or interim fee application has been filed.

Dated: December 13, 2013          Respectfully submitted,

**ARIEL WEISSBERG, RAKESH KHANNA, JOHN B. WOLF AND WEISSBERG AND ASSOCIATES, LTD.** Applicants

By**:     /s/ Ariel Weissberg**
     One of their attorneys

Ariel Weissberg, Esq. (03125591)
Rakesh Khanna, Esq. (06243244)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. (312) 663-0004
F. (312) 663-1514

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-B-34214 |
| **CYBER DEVELOPMENT GROUP** | ) | |
| **INTERNATIONAL, LLC** | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | Room 682 |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-B-34691 |
| **CRC1331 BCD MT. PROSPECT, LLC,** | ) | Jointly Administered |
| | ) | under Case No. 13-B-34214 |
| Debtor. | ) | |
| | ) | Hearing Date: December 31, 2013 |
| | ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL FEE APPLICATION FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND
ASSOCIATES, LTD., COUNSEL TO CYBER DEVELOPMENT GROUP
INTERNATIONAL, LLC AND CRC1331 BCD MT. PROSPECT, LLC, FOR THE
PERIOD FROM AUGUST 27, 2013 THROUGH DECEMBER 12, 2013**

NOW COME Ariel Weissberg, John B. Wolf, Rakesh Khanna and the law firm of Weissberg and Associates, Ltd. (collectively, "Applicants" or "Applicants"), counsel to Debtors, Cyber Development Group International, LLC ("Cyber") and CRC1331 BCD Mt. Prospect, LLC ("CRC1331"), Debtors and Debtors-in-Possession in the above-captioned Chapter 11 case (the "Case"), pursuant to Section 331 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby request that this Court enter an order (a) allowing and approving $87,795.00 in interim fee compensation for Applicants for legal services from August 27, 2013 through December 12, 2013 (the "Application Period"); (b) allowing and approving $3,137.74 as reimbursement for costs and expenses incurred by Applicants in connection with this case during the Application

3

Period, and (c) authorizing and directing Cyber and CRC1331 to pay Applicants $90,932.74 in fees and expenses, which represents the total amount requested pursuant to this First and Final Fee application (the "First and Final Fee Application"). Applicants received an Advanced Payment Retainer for services for Cyber in the amount of $30,000 and for services relating to CRC1331 in the amount of $8,000.

In support of this First and Final Fee Application, Applicants states as follows:

## I.   INTRODUCTION

This is the Application of Ariel Weissberg, John B. Wolf, Rakesh Khanna and the law firm of Weissberg and Associates, Ltd. for an allowance of final compensation in the sum of $87,795.00 and Expense Reimbursement in the sum of $3,137.74, aggregating $90,932.74, pursuant to 11 U.S.C. Section 330 and Federal Rules of Bankruptcy Procedure 2016, for allowance of final compensation and reimbursement of expenses. This is the first and final fee petition of the Applicants in this case.

## II.   HISTORY AND PRESENT STATUS OF THE CASE

1. On August 28, 2013, CDGI filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 of the Bankruptcy Code. Since then, CDGI has been managing its assets as a debtor-in-possession.

2. On August 30, 2013, CRC1331 filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 of the Bankruptcy Code. Since then, CRC1331 has been managing its assets as a debtor-in-possession.

3. On September 20, 2013, this Court entered an Order jointly administrating the

bankruptcy cases of Cyber and CRC 1331 ("Debtors") (Docket No. 65).

4. On October 15, 2013, the Court entered an order (the "Employment Order"), authorizing Cyber and CRC1331 to employ and retain Applicants as legal counsel to Cyber and CRC1331 in connection with the Case (Docket No. 120).

5. On October 22, 2013, Cyber filed its *Motion for Order Authorizing the Sale of the Debtors' Assets* ("Sale Motion") (Docket No. 137).

6. On November 21, 2013, this Court approving the Sale Motion and entered its *Order (I) Authorizing and Approving Asset Purchase Agreement by and Among N+2, LLC and Netrix Building, LLC, as Purchasers, and Cyber Development Group International, LLC and CRC1331 BCD Mt. Prospect, LLC, as Sellers; (II) Authorizing Sale of Acquired Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (III) Authorizing Assumption and Assignment of Executory Contracts in Connection Therewith* (Docket No. 215).

7. On November 27, 2013, the sale of the assets from Cyber to N+2, LLC and Netrix Building, LLC was consummated pursuant to the Sale Order.

### III. THE NATURE AND EXTENT OF THE SERVICES RENDERED AND COSTS INCURRED

8. Applicants presents this application for allowance of final compensation pursuant to §330 of the Code for professional services rendered from August 27, 2013 through December 12, 2013, and for reimbursement of expenses incurred during this period. All services for which compensation is requested by Applicants were in connection with this case; were in connection with Cyber and CRC1331's performance of its duties prescribed by the Code or were rendered pursuant to order of the Court.

9. The Employment Order, as later supplemented, authorized Applicants to perform legal services that are necessary to assist Cyber and CRC1331 in connection with Cyber and CRC1331's reorganization efforts.

10. As Cyber and CRC1331's counsel, Applicants performed a variety of legal services during the Application Period, a breakdown of which is attached hereto as Exhibit A, and which have been subdivided into the following matters:

| Matter Description | Hours | Amount Billed |
|---|---|---|
| | | |
| Cyber General Administration | 46.75 | $20,375.00 |
| Cyber Cash Collateral Matters | 27.70 | $11,976.25 |
| Cyber Sale of Assets | 47.00 | $20,950.00 |
| CRC1331 General Administration | 10.00 | $ 4,500.00 |
| CRC1331 Sale of Assets | 18.20 | $ 8,087.50 |
| Cyber Matters Relating to Pinnacle | 57.50 | $21,906.25 |
| | | |
| | | |
| **Total:** | **207.20** | **$87,795.00** |

The following attorneys of Applicants rendered services to Cyber and CRC1331 during the Application Period, a breakdown of which is attached hereto as Group Exhibit B:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| | | | |
| Ariel Weissberg | 158.45 | $450.00 | $70,957.50 |
| John B. Wolf | 9.00 | $325.00 | $ 2,925.00 |
| Rakesh Khanna | 39.75 | $350.00 | $13,912.50 |
| | | | |
| **TOTALS:** | **207.20** | **$423.72** | **$87,795.00** |

11. These hourly rates for legal services are identical to the rates generally charged by Applicants to its bankruptcy and non-bankruptcy clients. These rates are reasonable considering the experience of the Applicants in bankruptcy matters and the customary hourly rates by

6

similarly situated attorneys in the Northern District of Illinois. Specifically, relating to tenure of the attorneys: (a) Ariel Weissberg was admitted to practice in Illinois in 1979; (b) Rakesh Khanna was admitted to practice in Illinois in 1997; and John B. Wolf was admitted to practice in Illinois in 2005.

12. In addition to rendering $87,795.00 in legal services, Applicants incurred $3,137.74 in actual out-of-pocket costs and expenses. Applicants attempted to minimize the charges and disbursements associated with the Case. A summary of these expenses are attached hereto as Exhibit C.

13. The time expended by Applicants in each of the above described billing categories is summarized as follows:

    A. **Cyber General Administration**: 46.75 hours of attorney time.

    This category is a relatively broad category that encompasses legal work that involves a Debtor's compliance with the requirements of §§ 521 ("Debtor's Duties") and 1107 of the Bankruptcy Code, and similarly, FRBP 1007, 1009, 2003, 2004, 2015 and 4002.

    B. **Cyber Cash Collateral Matters**: 27.70 hours of attorney time

    This category involves negotiating and implementing the cash collateral arrangement with the Libertyville Bank & Trust Company, including negotiating cash collateral orders and preparing documents necessary to document sources and uses of cash.

    C. **Cyber Sale of Assets**: 47.00 hours of attorney time.
    This category involves work performed in advancing and implementing the sale of Cyber and CRC1331's assets

  D. **CRC1331 General Administration**: 10.00 hours of attorney time.

  This category is a relatively broad category that encompasses legal work that involves a Debtor's compliance with the requirements of §§ 521 ("Debtor's Duties") and 1107 of the Bankruptcy Code, and similarly, FRBP 1007, 1009, 2003, 2004, 2015 and 4002.

  E. **CRC1331 Sale of Assets**: 18.25 hours of attorney time.

  This category involves work performed in advancing and implementing the sale of Cyber and CRC1331's assets

  F. **Cyber Matters Relating to Pinnacle**: 57.50 hours of attorney time.
  This category involves any work relating to the claims of Pinnacle Services, Inc., including Motions to Dismiss, Motions for the Appointment of a Chapter 11 Trustee and the assertion of rights in the State Court.

  14. A detailed itemization of the professional time expended in this billing category is attached hereto as Exhibit A.

  15. All of the hours reflected in the Statement were reasonable and necessary to protect the interests of Debtor, the unsecured creditors and the secured creditors of this estate. The hourly rates of Ariel Weissberg ($425), John B. Wolf ($325) and Rakesh Khanna ($350), are normal and customary. These services were necessary to the administration of the estate, and were beneficial to the estate. The services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed. The compensation sought by Applicants is reasonable based on compensation

charged by comparably skilled practitioners in the Greater Chicago Metropolitan area in other Chapter 11 cases.

16. Section 330 of the Bankruptcy Code governs compensation of professionals in a bankruptcy case and provides that, when determining the amount of reasonable compensation to award to a professional, the Court should consider the nature, extent and value of the services to the bankrupt estate and all other relevant factors. 11 U.S.C. § 330(a)(3).

17. In addition, Bankruptcy Rule 2016 provides that "an entity seeking interim or final compensation for services or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

17. Bankruptcy courts in this district have stated that "[i]n reviewing fee applications, the bankruptcy court must address three issues: were the services that are the subject of the application properly compensable; if so, were they actual and necessary; if so, how will they be valued?" *In re Lifschultz Fast Freight*, 140 B.R. 482, 485 (Bankr. N.D. Ill. 1992) citing *In re Wildman*, 72 Bankr. 700, 704 (Bankr. N.D. Ill. 1987).

18. In addition, with respect to expenses, bankruptcy courts in this district have required that an "[a]pplication should contain a detailed list of expenses including the date, the type and the amount." *In re Convent Guardian Corp.*, 103 B.R. 937, 939 (Bankr. N.D. Ill. 1989). In determining whether an expense is necessary, the *Convent Guardian* court stated that "an expense is necessary if it was incurred because it was reasonably needed to accomplish the proper representation of the client." *Id.*

19. The First and Final Fee Application meets the foregoing requirements. First, Applicants' services are properly compensable. The Court entered the Employment Order which

authorized the retention of Applicants as attorneys for Cyber and CRC1331. Further, the First and Final Fee Application is being properly filed pursuant to 11 U.S.C. § 330. Therefore, Applicants' services are properly compensable. *See Lifschultz*, 140 B.R. at 485 (court found that where law firm was properly retained and law firm filed appropriate fee application, law firm's services were "properly compensable").

20. Second, compensation is proper for services that are actual and necessary. The *Lifschultz* court found that "[s]ervices necessary under section 330 are those services that aid the professional's client in fulfilling its duties under the Code." *Id*. Further, "[n]ecessary services have always included services that aid in the administration of the case and help the client fulfill duties under bankruptcy law, whether or not those services result in a monetary benefit to the estate." *Id*. The services provided by Applicants were actual and necessary. As set forth in this First and Final Fee Application, Applicants' attorneys have provided numerous services to Cyber and CRC1331 on a daily basis.

21. Third, "[o]nce the court has determined that the services for which compensation is sought were properly compensable and actual and necessary, it must determine the value of those services." *Id*. at 488. That is, "the court must evaluate what the 'actual, necessary services' were worth to the client, based upon the five criteria listed in section 330(a)(1)." *Id*. At 488. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested herein by Applicants is fair and reasonable, and fairly represents the value Cyber and CRC1331 received from Applicants' services, given: (i) the nature of the Case, (ii) the novelty and complexity of the Case, (iii) the time and labor required to represent Cyber and CRC1331 effectively, (iv) the time limitations imposed by the Case, (v) the nature and extent of the services rendered, (vi) Applicants' experience, reputation and ability, (vii) the value of Applicants' services, and (viii)

the cost of comparable services other than in a case under title 11 of the United States Code.

22.  Other than as provided in 11 U.S.C. 504(b), Applicants has not agreed to share, any compensation or reimbursement received as a result of this case with any person, firm or entity. No agreement or understanding exists between your Applicants and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received on account of this case. No promises concerning compensation or expense reimbursement have been made to Applicants by any person, firm or entity. The sole and exclusive source of compensation and expense reimbursement shall be funds of this estate.

23.  In addition to the foregoing, attached hereto as Exhibit D is the Declaration of Ariel Weissberg in support of this First and Final Fee Application.

## IV.   CONCLUSION

24.  The services rendered and described above provided a substantial benefit to Cyber and CRC1331's estates and is fair and reasonable, pursuant to 11 U.S.C. 330 and Bankruptcy Rule 2016. The reasonable value of services rendered by Applicants from August 27, 2013 through December 12, 2013, giving due consideration to the nature, extent and value of services rendered, the time which has been fairly and properly expended, the quality and skill for which the situation called, the risk and contingency of nonpayment and the cost of comparable services other than in a case under Chapter 11, and the results achieved in this Case, is $90,932.74. Based on the hourly charges of Applicants, as set forth above, Applicants requests that this Court determine and allow $87,795.00 as final compensation and $3,137.74 for reimbursement of Applicants' reasonable out of pocket expenses.

WHEREFORE, Applicants respectfully requests that the Court enter an

order:

    (a)    Allowing and approving: (i) $87,795.00 in final compensation for Applicants' legal services during the Application Period; and (ii) $3,137.74 as reimbursement for costs and expenses incurred by Applicants during the Application Period;

    (b)    Directing Cyber and CRC1331 to pay Applicants $52,932.74 in fees and expenses, which represents the total amount requested pursuant to this First and Final Fee Application, after application of the Advanced Payment Retainer received from Cyber in the amount of $30,000 and from CRC1331 in the amount of $8,000.; and

    (c)    Granting such other and further relief as the Court deems just and proper.

Dated: December 12, 2013                Respectfully submitted,

                                            **ARIEL WEISSBERG, RAKESH KHANNA, JOHN B. WOLF AND WEISSBERG AND ASSOCIATES, LTD.** Applicants

                                            By**:**     **/s/ Ariel Weissberg**
                                                One of their attorneys

Ariel Weissberg, Esq. (03125591)
John B. Wolf, Esq. (6287700)
Rakesh Khanna, Esq. (06243244)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. (312) 663-0004
F. (312) 663-1514